IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| FRESHUB, INC., a Delaware Corporation, and FRESHUB, LTD., an Israeli Limited Liability Company, <br><br> Plaintiffs, <br><br> vs. <br><br> AMAZON.COM, INC., a Delaware Corporation, AMAZON DIGITAL SERVICES, LLC, a Delaware Limited Liability Company, PRIME NOW, LLC, a Delaware Limited Liability Company, and WHOLE FOODS MARKET, INC., a Texas Corporation, <br><br> Defendants. | Case No. 6:19-cv-388-ADA |

**PLAINTIFFS' OPPOSITION TO MOTION FOR INTRA-DISTRICT TRANSFER TO THE AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS**

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
James Hannah
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
(650) 752-1700
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

John Palmer
Texas Bar No. 15430600
palmer@namanhowell.com
NAMAN HOWELL SMITH & LEE PLLC
400 Austin Ave., Suite 800, P.O. Box 1470
Waco, TX 76703
Telephone: (254) 755-4100
Fax: (254) 754-6331

*Attorneys for Plaintiffs,*
FRESHUB, INC. and FRESHUB, LTD.

Dated: August 26, 2019

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................. 1

FACTUAL BACKGROUND ............................................................................................ 2

ARGUMENT ..................................................................................................................... 4

CONCLUSION .................................................................................................................. 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*,
   No. A-09-CA-773-LY, 2010 WL 1170976 (W.D. Tex. Mar. 23, 2010) ...................................8

*Am. Airlines, Inc. v. Rogerson ATS,*
   952 F.Supp. 377 (N.D. Tex. 1996) ........................................................................................7

*MV3 Partners LLC v. Roku, Inc.*,
   Case No. 6:18-cv-308-ADA, Dkt. No. 74 (W.D. Tex., June 25, 2019)................................6, 7

*In re Radmax, Ltd.*,
   720 F.3d 285 (5th Cir. 2013) ..............................................................................................5, 8

*Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*,
   No. 18-cv-00549, 2019 WL 3755446 (N.D.N.Y. Aug. 7, 2019)..............................................4

*RPB Safety, LLC v. Tru-Vision Plastics, Inc.,*
   No. 6:18-CV-367-ADA, Dkt. No. 14 (W.D. Tex. Feb. 20, 2019)............................................9

*VLSI Technology, LLC v. Intel Corporation*,
   Case No. 6:19-CV-000254-ADA, Dkt. No. 53 (W.D. Tex., August 6, 2019)..........................8

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) (en banc) ..................................................................................6

**Statutes**

28 U.S.C. § 1404(a) ........................................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 45(c)(1)(A) .............................................................................................................7

Plaintiffs Freshub, Inc. and Freshub, Ltd. (together "Plaintiffs" or "Freshub") oppose Defendants Amazon.com, Inc., Amazon Digital Services, LLC, AmazonFresh, LLC, Prime Now, LLC (collectively, "Amazon") and Whole Foods Market, Inc.'s ("Whole Foods") (collectively, "Defendants") Opposed Motion for Intra-District Transfer to the Austin Division of the Western District of Texas, because Defendants maintain regular and established places of business in the Waco Division and the Austin Division is not clearly more convenient than this one.

## INTRODUCTION

Defendants' Motion for Intra-District Transfer (Dkt. No. 20, "Motion") should be denied because Defendants regularly conduct business within the Waco Division, do not have any basis for seeking transfer based on convenience, and transferring this action sets dangerous precedent that discourages filing in this Division given that Defendants' same arguments apply to nearly all cases filed in Waco, including the purported unavailability of direct and international flights to Waco's regional airport, lack of major corporate headquarters specifically within the Division, and the possibility of car travel for witnesses in nearby large cities.

The products at issue in this case are Defendants' in-home commerce and voice processing devices, including Amazon's Alexa-enabled devices, which constitute compact physical places of business located in consumers' own homes, including consumers throughout the Waco Division. With these devices, Amazon markets and delivers its products and Whole Foods' products directly to Waco Division residents. Defendants do not dispute the extent of their business in this division or that venue is thus appropriate in the Waco Division; rather, the thrust of Defendants' Motion is that the Austin Division, which is only about one hundred

miles away, is "more convenient." Under Defendants' improper view, travel to the Waco Division is simply too burdensome to undertake for any individual that does not live in Waco, and thus any case should be transferred to shorten travel time (even though the incremental travel time to this Division ranges only from less than an hour by air to an hour and a half by car). As explained herein, Defendants' claims that the Waco Division is somehow inconvenient ring hollow.

In fact, on August 19, 2019, the same day that Defendants' Motion here was filed, Amazon agreed to venue in the Waco Division for another patent infringement action involving the same Alexa-enabled devices and twice as many patents—and presumably a significant amount of discovery, document production, and claim construction. The vast majority of documents Defendants will be required to produced are likely stored electronically, eliminating concerns regarding the location of documents. Amazon and Whole Foods are major, technologically sophisticated parties with offices around the country and world, and for whom electronic document management is neither unusual nor burdensome. Further, the amount of added travel to reach the Waco Division from Austin is insignificant.

Although Freshub opposes a transfer for convenience, Defendants and Freshub agree that this Court should retain jurisdiction over this case if the Court does elect to transfer the matter to the Austin Division. *See* Mot. at 1, 8.

## FACTUAL BACKGROUND

Freshub filed this suit based on Amazon's and Whole Foods' infringement of four patents relating to in-home commerce and voice processing technology which is made, used, sold, imported, and/or offered for sale in Amazon's various Alexa-enabled products, such as the Echo, Fire TV, Fire Tablet, Amazon App, and Alexa App. Dkt. No. 1, ¶¶ 28-40. Contrary

to Amazon's claim, in the Complaint, Freshub made detailed allegations supporting the propriety of venue in the Western District of Texas and specifically in the Waco Division. *See* Dkt. No. 1, ¶¶ 6-8; *compare* Mot. at 2 (claiming Freshub made no venue allegations).

Since at least 2014, Amazon has made efforts to specifically target residents of the Waco Division for product sales and delivery services. Dkt. No. 1, ¶ 8; Dkt. No. 1-1, Complaint Ex. 1 at 1-2 (article describing initiation of new Sunday delivery service for Amazon Prime subscribers in select cities, including Waco). Amazon directly targeted the Waco market, as Waco began receiving enhanced Sunday delivery services in Amazon's first major rollout after initially testing the service in Los Angeles and New York City, alongside only 14 other cities nationwide. Dkt. No. 1-1, Complaint Ex. 1 at 1.

As the Complaint sets forth, Defendants maintain a fulfillment center in West, Texas which distributes, *inter alia*, the infringing products within the Waco Division and products ordered by Waco Division consumers interfacing with the infringing in-home commerce technology. Dkt. No. 1, ¶ 8; Dkt. No. 1-2, Complaint Ex. 2 (showing Amazon job listings in West, Texas). West, Texas is a city in McLennan County, which is within this Division. Ex. 1[1]. Defendants never directly address the fulfillment center in West and only reference fulfillment centers in the Austin and San Antonio Divisions. *See* Mot. at 4. In addition to its delivery services for its own and Whole Foods' products in the Waco Division, Amazon also maintains "Amazon Locker" locations in three cities in this Division where residents can pick up their Amazon deliveries from a secured locker located at one of Amazon's local locker partners, usually grocery stores or gas stations. Exs. 2-5.

---

[1] Unless otherwise indicated, exhibits cited in this Opposition are attached to the Declaration of James Hannah, filed herewith.

Although Amazon and Whole Foods selectively disclosed what they contend are any "relevant" connections to the Waco Division and "relevant" entities to Freshub's claims of infringement, there has not yet been any discovery in this case and Freshub lacks information as to what other services may be offered or what entities may be involved in the infringement, including in the Waco Division. *See* Mot. at 1-2 (purportedly describing all relevant activities and infringing entities).

## ARGUMENT

This case is properly brought in the Waco Division and should not be transferred. Defendants do not dispute that the Western District of Texas is the appropriate District for this case. They generally claim they have "no connection" to the Waco Division, but do not dispute that the Court has personal jurisdiction over Defendants in this Division. For example, Amazon has targeted the Waco market since at least 2014 based on public records of its service expansion efforts. Dkt. No. 1, ¶ 8; Dkt. No. 1-1, Complaint Ex. 1 at 1. Defendants have not also disputed Freshub's allegation in the Complaint relying on Amazon's fulfillment center in West, Texas in the Waco Division including several public job postings advertising a number of distribution jobs in that town. Dkt. No. 1, ¶ 8; Dkt. No. 1-2; *see also* Ex. 1. Amazon also maintains places of business in its "Locker" locations in three cities in this Division, enabling Division residents to retrieve Amazon deliveries from convenient locations within their community in lieu of delivery. Exs. 2-5; *Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*, No. 18-cv-00549 (BKS/CFH), 2019 WL 3755446, at *14 (N.D.N.Y. Aug. 7, 2019) (holding that Amazon locker locations constitute regular and established places of business for purposes of venue). These locker locations, fulfillment center, and home delivery options confirm that

4

Defendants maintain a regular business presence in this Division, and that Waco residents have a local interest in deciding this case.

Incredibly, on the *same day* that Amazon and Whole Foods filed this Motion, Amazon took the *opposite* position it puts forth here in consenting to venue in this division when answering another complaint alleging infringement by Alexa-enabled devices in the Waco Division without requesting a transfer.  Ex. 6 (Answer, *Hammond Development Int'l, Inc. v. Amazon.com, Inc., et al.*, Case No. 6:19-CV-00355-ADA (W.D. Tex.), Dkt. No. 28).  Amazon cannot have it both ways, particularly when the exact same products are at issue in both cases. Its ability to attend hearings and trial in this Court in the *Hammond* case, which involves infringement allegations relating to eight patents that undoubtedly will necessitate substantial written discovery, deposition testimony, and claim construction, is no different from its ability to attend hearings and trial in this case.  *See generally* Mot.  Despite the fact that twice as many patents are at issue in *Hammond*, Amazon has not raised any issue relating to convenience in appearing in the Waco Division in that case.

Despite the existence of jurisdiction in the Waco Division and Amazon's agreement to litigate in this Court in other patent infringement cases, Defendants move for transfer to the Austin Division on the basis of convenience pursuant to 28 U.S.C. § 1404(a).  To merit transfer, the recipient division must be "clearly more convenient" than plaintiff's chosen forum, based on the following factors: (1) access to sources of evidence; (2) availability to secure the attendance of witnesses; (3) cost of attendance for witnesses; (4) making trial easy, expeditious, and inexpensive; (5) administrative difficulties from court congestion; (6) local interest to decide localized issues; (7) forum's familiarity with the governing law; and (8) avoidance of conflict of laws or foreign law.  *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir.

2013) (citing *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) (en banc)); *In re Volkswagen of Am., Inc.*, 545 F.3d at 315 ("[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected.") As detailed below, the factors are either neutral or weigh in favor of keeping the case in the Waco Division.

As to the first factor regarding evidence, the overwhelming majority of document discovery in this case is likely to implicate electronically stored documents and information. It is irrelevant where documents are stored when they can be electronically collected, searched, and produced. The mere existence of documents within a particular division is not enough to require transfer. Ex. 7 at 4-5 (Order, *MV3 Partners LLC v. Roku, Inc.*, Case No. 6:18-cv-308-ADA, Dkt. 74 (W.D. Tex., June 25, 2019)) (denying transfer and noting that "most evidence today is provided in electronic format and can be made available at the click of a mouse"). Defendants make no attempt to differentiate between electronically stored evidence which may be easily produced anywhere and physical evidence which may require relocation. Even physical evidence that may be at issue, specifically copies of the accused products, is easily available online and from Defendants' numerous distribution points across the country. Amazon has also touted its extensive global cloud infrastructure, demonstrating further that relevant documents and information may be located on servers in various locations around the country or world and are therefore not necessarily limited to where its offices are located. Ex. 8 (describing Amazon's extensive global infrastructure). Thus, the Waco and Austin Divisions have relatively equal access to information which neutralizes the first factor with respect to sources of and access to of proof.

The second, third, and fourth factors regarding witnesses and trial do not support Defendants' position. The only witnesses that may have to travel to the Waco Division are trial witnesses, which is a relatively small subset of the witnesses who will be deposed in this case, and Defendants have not identified any trial witnesses that are located in Austin (or anywhere). Defendants have simply made "general allegations that key witnesses are unavailable or are inconveniently located" when in fact they must "identify specific witnesses and outline the substance of their testimony." Ex. 7 at 7 (Order, *MV3 Partners LLC v. Roku, Inc.*)(citing *Am. Airlines, Inc. v. Rogerson ATS*, 952 F.Supp. 377, 384 (N.D. Tex. 1996)). Defendants' general statements about the locations of their employees are also entitled to little weight as they do not identify a single specific employee who would be inconvenienced if called as a witness in the Waco Division. In fact, Freshub can identify at least Vibhav Salgaonkar, a senior software engineer in charge of Amazon's technology integration with Whole Foods, as a relevant witness who is located in Seattle, Washington, such that it is immaterial whether he must be called to Waco or to Austin. Ex. 9.

Nonetheless, for discovery purposes, the Federal Rules of Civil Procedure already provide protection for any alleged "inconvenience" Defendants purport will exist. For non-party witnesses, deposition can only be compelled within 100 miles of an individual's place of residence. Fed. R. Civ. P. 45(c)(1)(A). Defendants have not identified any nonparty witnesses that would be better served by conducting this litigation in Austin and agree that at most, this factor is neutral to their Motion.

With respect to Defendants' employees, and notwithstanding Defendants' failure to provide any details for why their employees would be inconvenienced if the case stayed in the Waco Division, the convenience of Defendants' employees is entitled to little weight as

7

compared to nonparty witnesses. *ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*, No. A-09-CA-773-LY, 2010 WL 1170976, at *4 (W.D. Tex. Mar. 23, 2010), *report and recommendation adopted* in A-09-CA-773-LY (ECF No. 20) (Apr. 14, 2010) ("[I]t is unclear whether Defendant is contending that the transfer would be more convenient for nonparty witnesses or merely for their own employee witnesses.  If the Defendant is referring to employee witnesses, then their convenience would be entitled to little weight.")(citation omitted).  For party witnesses, Freshub agrees to depose employees at mutually agreeable locations near where employees live.  Thus, again, Defendants' conclusory allegations ring hollow.

Moreover, the Waco Division is almost exactly 100 miles away from the transferee forum, such that this factor is neutral at best.  *See In re Radmax, Ltd.*, 720 F.3d at 288 (noting that if venues are more than 100 miles apart, the burden of travel increases proportionately with the incremental increase in distance over 100 miles); *compare with* Ex. 10 (showing that the Austin Division courthouse and Waco Division courthouse are only 104 miles apart using the most direct route).  For witnesses and counsel arriving by plane, the connection from the Dallas airport to the Waco airport takes less an hour to complete. Ex. 11.  Thus, at best these factors are neutral—they do not demonstrate clearly greater convenience rendering Defendants' contention that "Austin is significantly more convenient than traveling to Waco" mere hyperbole.  *See generally* Mot. at 5-6.  In fact, Defendants essentially argue that the Waco Division is *per se* inaccessible to witnesses, which if true would militate against allowing any case to proceed here.  Such a contention is inappropriate.  *See, e.g.*, Ex. 12 at 12 (Order, *VLSI Technology, LLC v. Intel Corporation*, Case No. 6:19-CV-000254-ADA, Dkt. 53 (W.D. Tex., August 6, 2019) (finding that "travel to this District is not burdensome, and Waco

is easily accessible [even] for witnesses located outside the District") (citing *RPB Safety, LLC v. Tru-Vision Plastics, Inc.*, No. 6:18-CV-367-ADA, Dkt. No. 14 at 7 n.5 (W.D. Tex. Feb. 20, 2019)).

The sixth factor, the local interest to decide localized issues, weighs in favor of keeping the case in Waco. Defendants' infringement, as set forth in the Complaint, is pervasive throughout all districts, and Defendants have numerous large offices around the country. *See, e.g.*, Dkt. No. 1, ¶ 8. Defendants focus on Whole Foods being "one of Austin's largest corporate residents and employers," yet, that alone is not enough to merit transfer. Mot. at 7. As explained above, the accused technology of the Defendants is prevalent in numerous Waco households and Defendants maintain a fulfillment center in Waco. Dkt. No. 1-1, Complaint Ex. 1 at 1 (showing Amazon expanding services to Waco); Dkt. No. 1-2, Complaint Ex. 2 (showing Amazon jobs); Exs. 2-5 (Amazon locker locations for Waco Division residents); Ex. 13 (demonstrating sales of infringing products in Waco). Moreover, Defendants' consenting to venue in this division in another patent infringement litigation ***on the same day involving the same accused products*** that it filed this motion only further reveals that any complaints it purports to set forth based on "no local interest" or inconvenience are meritless.

The remaining factors are neutral, as Defendants admit, and do not "clearly" favor transfer. Specifically, both the Waco Division and Austin Division are capable of deciding issues of patent law, there are no issues of court congestion between the two Divisions, and there is no conflict of law between the Divisions.

## CONCLUSION

Freshub respectfully requests that the Court deny Defendants' Motion to transfer this action because factors one through five, seven, and eight are neutral, and factor six weighs in

favor of maintaining the case in Waco. Furthermore, Amazon should not be able to choose which cases are convenient in Waco, and which are not, particularly when they involve the same products. In the event that the Court grants the Motion (which it should not), Freshub agrees with Defendants that the Court should retain jurisdiction over the action.

Respectfully submitted,

Dated: August 26, 2019

*/s/ John P. Palmer*
John Palmer
Texas Bar No. 15430600
palmer@namanhowell.com
NAMAN HOWELL SMITH & LEE PLLC
400 Austin Ave., Suite 800, P.O. Box 1470
Waco, TX 76703
Telephone: (254) 755-4100
Fax: (254) 754-6331

Paul J. Andre (*Pro Hac Vice*)
Lisa Kobialka (*Pro Hac Vice*)
James Hannah (*Pro Hac Vice*)
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com

*Attorneys for Plaintiffs,*
Freshub, Inc. and Freshub, Ltd.

## CERTIFICATE OF SERVICE

The foregoing document was filed electronically on August 26, 2019, with the Clerk of Court using the Court's CM/ECF system, which will send a Notice of Electronic Filing on counsel of record for all other parties who have appeared in this action on the date of such service.

<u>/s/ John Palmer</u>  
John Palmer