## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| FRESHUB, INC., a Delaware Corporation, and FRESHUB, LTD., an Israeli Limited Liability Company,<br><br>                   Plaintiffs,<br><br>    v.<br><br>AMAZON.COM, INC., a Delaware Corporation, AMAZON DIGITAL SERVICES, LLC, a Delaware Limited Liability Company, PRIME NOW, LLC, a Delaware Limited Liability Company, and WHOLE FOODS MARKET, INC., a Texas Corporation,<br><br>                   Defendants. | Case No. 6:19-cv-388-ADA |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR INTRA-DISTRICT TRANSFER TO THE AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS

*Of Counsel:*

J. David Hadden (CSB No. 176148)
Email:  dhadden@fenwick.com
Saina S. Shamilov (CSB No. 215636)
Email:  sshamilov@fenwick.com
Ravi R. Ranganath (CSB No. 272981)
rranganath@fenwick.com
Vigen Salmastlian (CSB No. 276846)
Email:  vsalmastlian@fenwick.com
**FENWICK & WEST LLP**
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

September 3, 2019

Barry K. Shelton (TX Bar #24055029)
bshelton@sheltoncoburn.com
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Tel:  (512) 263-2165
Fax:  (512) 263-2166

*Counsel for Defendants*
AMAZON.COM, INC.,
AMAZON DIGITAL SERVICES, LLC,
PRIME NOW, LLC, and
WHOLE FOODS MARKET, INC.

## TABLE OF CONTENTS/

**Page**

I.     FRESHUB DOES NOT RAISE A SINGLE ARGUMENT AS TO
WHY WHOLE FOODS' MOTION TO TRANSFER SHOULD
BE DENIED. ------------------------------------------------------------------------------ 1

II.    AMAZON DID NOT CONSENT TO VENUE IN THE WACO
DIVISION OR WAIVE ANY OBJECTIONS BASED ON
INCONVENIENCE. ------------------------------------------------------------------------ 1

III.   AMAZON DOES NOT HAVE ANY FULFILLMENT CENTERS
OR JOB POSTINGS IN THE WACO DIVISION. ------------------------------------ 2

IV.   AMAZON'S SALES TO WACO RESIDENTS DO NOT
ESTABLISH THAT WACO IS THE CONVENIENT FORUM
FOR THIS DISPUTE. --------------------------------------------------------------------- 2

V.    FRESHUB IS WRONG AS A MATTER OF LAW WHEN IT
ARGUES THAT THE LOCATION OF EVIDENCE IS
IRRELEVANT. ----------------------------------------------------------------------------- 3

VI.   FRESHUB IS WRONG AS A MATTER OF LAW WHEN IT
ARGUES THAT THE DISTANCE OF 100 MILES BETWEEN
WACO AND AUSTIN DOES NOT MAKE WACO AN
INCONVENIENT FORUM. -------------------------------------------------------------- 4

VII.  FRESHUB MISREPRESENTS THE UNCONTROVERTED
TESTIMONY OF AMAZON AND WHOLE FOODS'
DECLARANTS. ---------------------------------------------------------------------------- 4

VIII. THIS CASE IS NO DIFFERENT THAN *DATA SCAPE* AND
TRANSFER TO AUSTIN IS WARRANTED. ---------------------------------------- 5

# TABLE OF AUTHORITIES

**Page(s)**

C<small>ASES</small>

*Data Scape, Ltd. v. Dell Techs., Inc.*,
No. 6:19-cv-129-ADA, Dkt. 44 (W.D. Tex. June 7, 2019) ------------------------------- 3, 5

*DataQuill, Ltd. v. Apple Inc.*,
No. A-13-CA-706-SS, 2014 WL 2722201 (W.D. Tex. June 13, 2014) --------------------- 4

*Hammond Dev. Int'l, Inc. v. Amazon.com, Inc.*,
No. 6:19-cv-355-ADA, Dkt. 30 (W.D. Tex. Aug. 27, 2019) --------------------------------- 1

*In re Cray Inc.*,
871 F.3d 1355 (Fed. Cir. 2017) ---------------------------------------------------------------- 3

*Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*,
Case No. 1:14-cv-464-LY, 2014 WL 12479284
(W.D. Tex. Aug. 12, 2014) --------------------------------------------------------------------- 4

*MV3 Partners LLC v. Roku, Inc.*,
No. 6:18-cv-308-ADA, Dkt. 74 (W.D. Tex. June 25, 2019)---------------------------------- 4

*Prokop v. Stonemor Partners LP*,
No. 09 CV 4323, 2009 WL 3764103 (N.D. Ill. Nov. 9, 2009) -------------------------------- 2

*Rensselaer Polytechnic Institute v. Amazon.com, Inc.*
No. 1:18-cv-00549 (BKS/CFH), 2019 WL 3755446
(N.D.N.Y. Aug. 7, 2019)------------------------------------------------------------------------ 2, 3

*Verizon Employee Benefits Committee v. Heinlein*,
No. 3:05-cv-2120-L, 2006 WL 8437665 (N.D. Tex. Nov. 8, 2006) ------------------------- 3

Neither Freshub nor any of the defendants is based in or maintains any offices in the Waco Division. No relevant documents or source code exist in the Waco Division and no party or non-party witnesses reside in the Waco Division. Whole Foods has its headquarters and relevant employees in Austin and Amazon has both offices and relevant employees there. Freshub does not dispute any of these facts. Yet, it opposes transfer of this case to Austin, while failing to identify even a *single* witness for whom Waco would be a more convenient venue than Austin. This case should be litigated in Austin and none of Freshub's arguments changes that conclusion.

## I.   FRESHUB DOES NOT RAISE A SINGLE ARGUMENT AS TO WHY WHOLE FOODS' MOTION TO TRANSFER SHOULD BE DENIED.

Freshub identifies no connection between *Whole Foods* and the Waco Division. It cites no evidence that *Whole Foods* has targeted residents of the Waco Division. It cites no physical location associated with *Whole Foods* in the Waco Division. It does not even attempt to argue that the case against *Whole Foods* belongs in the Waco Division, because it does not.

## II.   AMAZON DID NOT CONSENT TO VENUE IN THE WACO DIVISION OR WAIVE ANY OBJECTIONS BASED ON INCONVENIENCE.

Freshub argues that the motion filed by Amazon *and Whole Foods* should be denied because, in another case pending in this division, "Amazon has not raised any issue relating to convenience in appearing in the Waco Division" in its answer. (Opp. at 5.) Here is what Amazon pled in that answer:

> 11.     For purposes of this action, and this action only, Defendants consent to venue [in] this *judicial district*. Defendants *deny that the Waco Division is the most convenient venue for this action* and deny the remaining allegations of Paragraph 11 of the Complaint.

(Dkt. 24-7 (Amazon's Answer in *Hammond Dev. Int'l, Inc. v. Amazon.com, Inc.*, No. 6:19-cv-355-ADA (W.D. Tex.) ("*Hammond*")) ¶ 11 (emphasis added).) And consistent with its answer to the venue allegations in *Hammond*, Amazon filed a motion for intra-district transfer to the Austin Division in that case, just as it has done here. *Hammond*, Dkt. 30 (Aug. 27, 2019) (Amazon's

Opposed Motion for Intra-District Transfer of Venue to the Austin Division of the Western District of Texas).

## III.    AMAZON DOES NOT HAVE ANY FULFILLMENT CENTERS OR JOB POSTINGS IN THE WACO DIVISION.

Freshub argues that the motion filed by Amazon *and Whole Foods* should be denied because it relied in its complaint "on Amazon's fulfillment center in West, Texas in the Waco Division including several public job postings advertising a number of distribution jobs in that town." (Opp. at 4.)  Tim Thompson testified under oath that Amazon does not maintain *any* fulfillment centers in any of the counties falling within the Waco Division, including in McLennan County, which includes the city of West.  (Thompson Decl. ¶ 9); *see Prokop v. Stonemor Partners LP*, No. 09 CV 4323, 2009 WL 3764103, at *2 (N.D. Ill. Nov. 9, 2009) (courts need not accept allegations in the complaint as true if "they conflict with affidavits or other appropriate evidence submitted by the defendant.").  This should be no surprise to Freshub:  it attached a document to its complaint that purported to list the locations of Amazon's fulfillment centers in the State of Texas, and that document shows no fulfillment center in West, Texas.  (Dkt. 1-3 (Ex. 3 to Complaint) at p. 8.) And because it has no fulfillment center or other offices in West, Texas, Amazon is not hiring any employees in West, Texas.  (Declaration of Robert Rathbun ¶ 2.)  The unauthenticated job postings Freshub attached to its complaint—which appear on a third-party website—are wrong, and no such jobs exist in West, Texas.  (*Id.* ¶¶ 3-7.)

## IV.    AMAZON'S SALES TO WACO RESIDENTS DO NOT ESTABLISH THAT WACO IS THE CONVENIENT FORUM FOR THIS DISPUTE.

Freshub argues that the motion filed by Amazon *and Whole Foods* should be denied because Amazon has "Amazon Locker" locations in the Waco Division.  (Opp. at 3.)  But the presence of these lockers establishes only that venue may be proper in this *judicial district*, not that it would be more convenient to litigate this case in Waco than in Austin.[1]  Freshub also contends

---

[1] The court in *Rensselaer Polytechnic Institute v. Amazon.com, Inc.* discussed Amazon Lockers

that the motion should be denied because "Amazon [*not Whole Foods*] has made efforts to specifically target residents of the Waco Division for product sales and delivery services" in Waco and 14 other cities around the country.  (Opp. at 3.)  Again, such sales and deliveries do not show that it would be more convenient to litigate this case in Waco than in Austin; at best they are only relevant to personal jurisdiction, which Amazon does not challenge in this case.  *See, e.g.*, *Verizon Employee Benefits Committee v. Heinlein*, No. 3:05-cv-2120-L, 2006 WL 8437665, at *1 (N.D. Tex. Nov. 8, 2006) (finding personal jurisdiction over defendant but transferring case on convenience grounds).[2]  Freshub further contends that Amazon's sales give Waco residents "a local interest in deciding this case."  (Opp. at 5.)  That interest, however, is no different than the interest of residents of other cities to which Amazon ships its products, including Austin.  As the Court noted in granting intra-district transfer in *Data Scape, Ltd. v. Dell Technologies, Inc.*, the proper consideration is the "*relative* interests between the transferee and transferor forums."  No. 19-cv-129-ADA, Dkt. 44 at 6 (W.D. Tex. June 7, 2019) (emphasis in original).  Since Amazon and Whole Foods have a substantial presence in Austin, and none in Waco, this case "affects local Austin interests more acutely than local Waco interests."  *Id.*

## V.   FRESHUB IS WRONG AS A MATTER OF LAW WHEN IT ARGUES THAT THE LOCATION OF EVIDENCE IS IRRELEVANT.

Freshub argues that the Court should completely disregard the location of relevant evidence because "[i]t is irrelevant where documents are stored when they can be electronically collected, searched, and produced."  (Opp. at 6.)  Freshub is wrong as a matter of law:  "[t]he Fifth Circuit has cautioned this factor remains relevant despite technological advances having made electronic

---

in assessing whether venue was proper under § 1400(b); it did not consider the lockers in its analysis of the convenience factors under § 1404(a).  No. 1:18-cv-00549 (BKS/CFH), 2019 WL 3755446, at *14-16 (N.D.N.Y. Aug. 7, 2019).

[2] And, of course, contrary to Freshub's passing suggestion, Echo devices in customers' homes do not "constitute compact physical places of business" as a matter of law.  (Opp. at 1.)  *See In re Cray Inc.*, 871 F.3d 1355, 1362-63 (Fed. Cir. 2017) (regular and established place of business for purposes of venue under§ 1400(b) must be a place of business owned or ratified by the defendant).

document production commonplace."[3]  *DataQuill, Ltd. v. Apple Inc.*, No. A-13-CA-706-SS, 2014 WL 2722201, at *3 (W.D. Tex. June 13, 2014) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008) (en banc)).  And the uncontroverted testimony of Mr. Thompson and Mr. D'Souza shows that such evidence is maintained in Austin, and no such evidence is maintained in Waco.  (Thompson Decl. ¶¶ 6, 8; D'Souza Decl. ¶¶ 5-6.)

## VI.   FRESHUB IS WRONG AS A MATTER OF LAW WHEN IT ARGUES THAT THE DISTANCE OF 100 MILES BETWEEN WACO AND AUSTIN DOES NOT MAKE WACO AN INCONVENIENT FORUM.

Freshub contends that the Court should not consider the inconvenience to the parties and non-party witnesses of traveling from Austin to Waco because the two cities are only 100 miles apart.  But another court in this district found that a distance of only 80 miles between Austin and San Antonio was sufficient to support intra-district transfer.  *Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*, Case No. 1:14-cv-464-LY, 2014 WL 12479284, at *2 (W.D. Tex. Aug. 12, 2014).

## VII.   FRESHUB MISREPRESENTS THE UNCONTROVERTED TESTIMONY OF AMAZON AND WHOLE FOODS' DECLARANTS.

 Freshub argues that the Court should ignore the sworn testimony of Amazon and Whole Foods' declarants regarding the location of likely trial witnesses because they purportedly do not identify specific employees who would be inconvenienced by traveling to Waco for trial.  (Opp. at 7.)  But the Thompson and D'Souza declarations identify specific individuals—in addition to the declarants themselves—who likely have information relevant to this case and for whom trial in Austin would be more convenient than Waco.[4]  (*See* Thompson Decl. ¶ 2 (lives and works in

---

[3] *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-308-ADA, Dkt. 74 (W.D. Tex. June 25, 2019) did not hold otherwise.  There, the Court did not hold that the location of electronic documents was "irrelevant"—it held only that Roku had not shown why the electronic documents maintained in its California headquarters could not be accessed from its office in Austin.  *Id.* at 4 ("Roku does not explain why its Austin office would have difficulty gaining access to such documents.").

[4] In *MV3 Partners, LLC*, the Court noted that the "movant *must* identify specific witnesses and outline the substance of their testimony."  *MV3 Partners, LLC*, Dkt. 74 at 7 (emphasis in original).  The declarations of Mr. Thomas and D'Souza do exactly that, identifying specific individuals and their relevant technical knowledge, on which their testimony would be based.

Austin area and oversees DeviceOS team developing accused Echo devices), ¶ 5 (identifying Bala Kumar, based in Austin, as a witness regarding "the platform layer of the Echo devices" and "audio drivers for the speaker and microphones on the Echo devices"); D'Souza Decl. ¶¶ 2, 4 (lives and works in Austin and oversees development of Whole Foods mobile technology and integration with Amazon technology), ¶ 5 (identifying Troy Miller, also based in Austin, a Senior IT Project manager, a member of Mr. D'Souza's team as a potential witness).)  Freshub also argues that for Vibhav Salgaonkar and other Seattle witnesses, "it is immaterial whether [they] must be called to Waco or to Austin."  (Opp. at 7.)  But this ignores that Seattle-based witnesses can fly non-stop to Austin and can work out of offices there; they cannot do the same in Waco.  (*See* Mot. at 5-6.)

## VIII.   THIS CASE IS NO DIFFERENT THAN *DATA SCAPE* AND TRANSFER TO AUSTIN IS WARRANTED.

In *Data Scape*, which Freshub does not even *mention* in its opposition, the Court considered nearly identical facts and granted intra-district transfer from Waco to Austin.  *Data Scape, Ltd. v. Dell Techs., Inc.*, No. 6:19-cv-129-ADA, Dkt. 44 (W.D. Tex. June 7, 2019).  In that case, just like the parties here, neither Data Scape nor Dell was based in Waco or had offices or employees in Waco.  And just like Amazon and Whole Foods, Dell had both offices and employee witnesses in Austin.  *Id.* at 3-4.  Just as in *Data Scape*, Freshub "proffers neither facts nor arguments sufficient to demonstrate why this case should remain in Waco," and "[m]ost—if not all—of the relevant connections in this case are to Austin rather than to Waco."  *Id.* at 2.  The Court should transfer this case to the Austin Division.[5]

---

[5] Freshub's argument that granting transfer here would "set[] [a] dangerous precedent" lacks merit.  (*See* Opp. at 1.)  Whole Foods is headquartered in Austin, and Amazon has employees and facilities there.  These facts would not apply to most patent cases filed in this division.

Respectfully, submitted,

*/s/ Barry K. Shelton*
Barry K. Shelton (TX Bar #24055029)
bshelton@sheltoncoburn.com
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Tel: (512) 263-2165
Fax: (512) 263-2166

*Of Counsel:*

J. David Hadden, CSB No. 176148
Email: dhadden@fenwick.com
Saina S. Shamilov, CSB No. 215636
Email: sshamilov@fenwick.com
Ravi R. Ranganath
rranganath@fenwick.com
Vigen Salmastlian, CSB No. 276846
Email: vsalmastlian@fenwick.com
**FENWICK & WEST LLP**
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:  650.938.520

*Counsel for Defendant*
AMAZON.COM, INC., AMAZON DIGITAL
SERVICES, LLC, PRIME NOW, LLC; and
WHOLE FOODS MARKET, INC.

September 3, 2019

## CERTIFICATE OF SERVICE

The foregoing document was filed under the Court's CM/ECF system, automatically effecting service on counsel of record for all other parties who have appeared in this action on the date of such service.

September 3, 2019

*/s/ Barry K. Shelton*
Barry K. Shelton